UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81500-RLR

RIGER MARTINEZ, ET AL.,

          Plaintiffs,

v.

ROBERT BOSCH GMBH, ET AL.,

          Defendants.

**PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) WITH INCORPORATED MEMORANDUM IN SUPPORT**

    Plaintiffs Riger Martinez, Brett Neiviller, and Nelson Rodriguez, Jr., Bradley Joseph May, Chris Bellefleur, Andres Martes Sierra, Daniel Patrick Self, Alan Scagliarini, Amy Norman, David Aulita, Carl Albert Richards III, Patti M. Richards, and Christopher Owen Clark, and David Lettsome, move the Court for dismissal of their claims against Ford Motor Company ("Ford"), *without prejudice*, pursuant to Federal Rule of Civil Procedure, Rule 41(a)(2). Plaintiffs seek the Court's intervention because, despite (1) Plaintiffs' prior commitment in writing to to dismiss this case; (2) Ford having taken advantage of extensions in related litigation that were offered here; and (3) Plaintiffs' dismissal of all of their claims against all of the other defendants, Ford has filed an answer in this case and refused to agree to a stipulation of dismissal without prejudice—all for the purpose of foreclosing Plaintiffs' ability to voluntarily dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Thus, Plaintiffs seek an order from this Court dismissing Plaintiffs' claims against Ford without prejudice pursuant to Rule 41(a)(2), and without conditions.

1

**I.     Factual Background: Ford Filed its Answer in this Case *After* Learning of Plaintiffs' Intent to Dismiss Their Complaint and has Refused to Stipulate to a Voluntary Dismissal Without Prejudice.**

Plaintiffs filed their Complaint in this action on November 1, 2018, naming as defendants Ford Motor Company, certain General Motors defendants, certain FCA/Chrysler defendants, certain Bosch defendants and certain VM Motori Defendants. (Dkt. 1.) Plaintiffs' Complaint alleged Racketeer Influenced and Corrupt Organizations Act ("RICO") claims by all Plaintiffs, individually and on behalf of a proposed class, against all Defendants. Plaintiffs' Complaint also alleged claims brought by certain plaintiffs, individually and on behalf of proposed Vehicle Manufacturer Subclasses, against the manufacturers of their respective vehicles and against the Bosch defendants (including Fraud by Omission, Unjust Enrichment, Violations of the Magnuson-Moss Warranty Act, Breach of Implied Warranty and Breach of Express Warranty). Plaintiffs' Complaint also included a "placeholder" count for Defendants' violations of the Florida Deceptive and Unfair Trade Practices Act, which Plaintiffs had intended to amend to fully assert after the required notice period had elapsed. A similar Complaint was filed on behalf of certain other plaintiffs in the United States District Court for the Middle District of Florida, styled *Hockensmith, et al., v. Robert Bosch GMBH*, No. 6:18-CV-01885-CEM-KRS.[1]

Plaintiffs have dismissed their claims against the Bosch, General Motors, FCA/Chrysler and VM Motori defendants in the *Martinez* and *Hockensmith* cases pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and pursuant to their commitment to do so on November 16, 2018. Ford preempted Plaintiffs' ability to dismiss their claims against Ford by filing an answer

---

[1] Counsel for Plaintiffs has also filed a similar complaint on behalf of Texas plaintiffs, styled Berry v. Robert Bosch GMBH, No. 2:18-cv-00318 (S.D. Tex).

and refusing to agree to a stipulation of dismissal. This Motion is before the Court only for the gamesmanship of Defendant Ford.

- On November 16, 2018, counsel for the FCA defendants, on behalf of the FCA defendants and expressly on behalf of Ford, requested an extension of the deadlines to answer or otherwise respond to the *Martinez* and *Hockensmith* Complaints to January 11, 2018, to coincide with the date defendants' pleadings were due on the Texas class action. (*See* 11/16/18 email, attached as Exhibit A.)("Both Ford (its attorney Perry from McGuire Woods is copied here) and FCA have responsive pleadings due in Martinez shortly after the Thanksgiving holiday…Would Plaintiffs be amenable to an extension to January 11 in both Martinez and the Hockensmith case in the MD Fla for Ford and FCA US and FCA North America Holdings…it is only Ford and FCA US/FCA North America Holdings making the extension request for the Florida cases at this time.")
- That same day, Plaintiffs' Counsel responded that Plaintiffs intended to dismiss their complaints, and that an extension may therefore not be necessary. (*See* 11/16/18 email, attached as Exhibit A.)
- Plaintiffs' counsel confirmed in an email on November 19, 2018 that the *Martinez* and *Hockensmith* Plaintiffs would dismiss their complaints, but that the dismissals would occur after the Thanksgiving Holiday. (*See* 11/19/18 email, attached as Exhibit A.)
- In the November 19, 2018 email, consistent with the courtesies of Plaintiffs' counsel in the Texas class action against Ford and the other defendants, Plaintiffs' counsel agreed to a generous extension of the defendants' time to answer or otherwise respond to Plaintiffs' complaints in the *Martinez* and *Hockensmith* cases. (*See Id*.)
- On November 21, 2018, the day before Thanksgiving and in a classic bait-and-switch just two days after Plaintiffs reconfirmed their intent to dismiss and granted Ford an extension of its time to respond to Plaintiffs' complaint, Ford filed its answer to Plaintiffs' Complaint in the *Martinez* case—all in an effort to thwart Plaintiffs' ability to dismiss pursuant to Rule 41(a)(1)(A)(i).
- That same day, even though it had only been served with the relevant complaint one day prior, on November 20, Ford also filed an answer in the *Hockensmith* case. (*See* Dkt. 24.)
- On November 26, 2018, Plaintiffs requested that Ford agree to a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but Ford refused. (*See* 11/26/18 email, attached as Exhibit B.)
- On November 26, 2018, Plaintiffs dismissed their claims, as promised, against the General Motors, FCA/Chrysler, Bosch, and VM Motori defendants in both the *Martinez* and *Hockensmith* cases. (Dkt. 26.)
- Plaintiffs' claims against Ford remain pending in this Court (as in the *Hockensmith* case, in which those plaintiffs will file a similar motion to dismiss).

Plaintiffs intend to refile their claims against each of the vehicle manufacturer defendants, including Ford Motor Company. However, Plaintiffs' refiled complaints will not include a RICO claim and will not include the Bosch defendants. As a result, the pending

3

Complaint will be refiled as three, single-manufacturer complaints—one complaint by owners of General Motors vehicles against the General Motors defendants, one complaint by owners of FCA/Chrysler vehicles against the FCA/Chrysler defendants, and one complaint by owners of Ford vehicles against Ford Motor Company. Certain plaintiffs represented by undersigned counsel filed their claims in this manner in the U.S. District Court for the Northern District of California on November 16, 2018—notably, the same date Plaintiffs here notified Ford and the other defendants of their intent to dismiss and refile their claims. Plaintiffs' plan to refile their claims in single-manufacturer complaints is made in good faith, for the purpose of narrowing the issues to be addressed at the pleading stage (but without prejudice to amending to include RICO or other claims as discovery progresses in their refiled cases), and not for purposes of delay.

    **II.**    **ARGUMENT: Plaintiffs' Request for Dismissal of Their Claims Against Ford is Made in Good Faith, and Ford's is Unable to Show Bad Faith, Clear Legal Prejudice or Loss of a Substantial Right Required to Deny Plaintiffs' Request**

This Court has held that, "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Inspired Development Group, LLC v. Inspired Products Group, LLC*, No. 9:16-CV-80076-RLR, 2017 WL 9672799 at *1 (S.D. Fla. Jan 13, 2017) (Rosenberg, J.) (quoting *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Id.* (quoting *Pontenberg* at 1255-1256). "[C]lear legal prejudice, bad faith, or similar grounds are required to deny" a Rule 41(a)(2) motion. *Id.* at *2 (citing *Goodwin v. Reynolds*, 757 F.3d 1216, 122 (11th Cir. 2014) (dismissal without prejudice affirmed where no legal prejudice or bad faith); *Stachurski v. Wright Med. Tech.*, Inc., 2013 WL 12095269, at *2 (S.D. Fla. Nov. 27, 2013) (granting motion to voluntarily dismiss and finding expense of resources to defend action

did not constitute legal prejudice); *Wilber v. Maryland Cas. Co.*, 2013 WL 12096397, at *1 (S.D. Fla. Oct. 17, 2013) (granting motion to voluntarily dismiss without prejudice even though case had been pending a year because no showing of excessive delay or other dilatory efforts)). Ford can point to no bad faith, no prejudice, and no loss of a substantial right. Rather, it is Ford that is acting in bad faith and seeks to prejudice Plaintiffs. Instead of working cooperatively with Plaintiffs to permit narrowing of their claims against Ford and the now dismissed defendants, Ford jumped ahead of the dismissal it knew was coming by gaming Rule 41—there is no rational reason a defendant files two answers, in one day, in cases it has five and twenty days left to respond, and in which the plaintiffs have committed in writing to dismissing the claims. Ford should not be rewarded for its use of Rule 41, nor for the burdens it seeks to imposed on the Court and the parties by this motion and by the unnecessary pleadings and motions that would be required to bring Plaintiffs' claims in line with the single-manufacturer, non-RICO complaints they intend to file.

    Plaintiffs respectfully request that the Court impose no conditions on the dismissal of their claims without prejudice.[2] First and foremost, Ford learned of Plaintiffs' intent to dismiss *Martinez* just ten days after Ford was served and five days before it filed its Answer—any costs or resources expended by Ford were of its own making since Plaintiffs had committed in writing to dismiss their claims and had also agreed to an extension that Ford had requested and has taken advantage of in the Texas litigation. Second, similar claims had been pending against Ford in the Southern District of Texas for more than six weeks before Ford filed its Answer in the *Martinez*

---

[2] Should the Court decide to impose conditions on Plaintiffs' dismissal, Plaintiffs respectfully request the opportunity to consider those conditions. *See Inspired* at *3 (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) as holding that "a plaintiff must be given the opportunity to refuse the conditions imposed by a court on a Rule 41(a)."

case. And, Ford filed its answer in the *Hockensmith* case just one day after it had been served. Ford cannot credibly argue that filing an answer in *Martinez* case caused it to expend unnecessary resources. Finally, any resources expended in answering the *Martinez* Complaint should not be passed to Plaintiffs since those efforts will be useful in existing and future litigation, including the action pending in the Northern District of California and the actions to be refiled in Florida. Any expense to Ford in answering Plaintiffs' complaint was of its own making since it knew Plaintiffs would dismiss their complaint. Plaintiffs should not be required to bear to the cost of circumstances Ford, in a spirit antithetical to cooperation, knowingly and intentionally created.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order granting Plaintiffs leave to dismiss their claims without prejudice and without the imposition of conditions.

Dated: November 27, 2018                                  Respectfully submitted,

/s/ *Andrew Parker Felix*
**MORGAN & MORGAN, P.A.**
Andrew Parker Felix, Esq.
FBN: 0685607
E-Mail: Andrew@forthepeople.com
Secondary                              Email: Kdimeglio@forthepeople.com
20 North Orange Ave., Ste. 1600
P.O. Box 4979
Orlando, FL  32801
Telephone: (407) 418-2081
Facsimile: (407) 245-3392

-and-

**HILLIARD, MARTINEZ, GONZALES LLP**
Robert C. Hilliard, Esq.
Admitted *pro hac vice*
Texas State Bar No. 09677700
Federal I.D. No. 5912
E-mail: bobh@hmglawfirm.com
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

/s/ *Andrew Parker Felix*
Andrew Parker Felix